# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GALINDO, | CASE NO. 1:11-CV-00023-DLB PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM WITH LEAVE TO AMEND |
| v. | |
| MATTHEW CATE, et al., | (DOC. 1) |
| Defendants. | RESPONSE DUE WITHIN THIRTY DAYS |

## Screening Order

**I.     Background**

Plaintiff Jesse Galindo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on January 6, 2011. Doc. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

1

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. *Id.*

## II.     Summary of Complaint

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred.  Plaintiff names as Defendants Matthew Cate, secretary of CDCR; warden Gonzales of CCI, and dentists John Does 1 and 2 of CCI.[1]

Plaintiff alleges the following.  On April 9, 2010, Plaintiff was seen by Defendant John Doe 1, complaining of a mild toothache which became excruciating when Plaintiff ate hot or cold foods.  Defendant requested an x-ray.  Defendant showed Plaintiff the x-ray and explained that Plaintiff was suffering toothache due to a metal filling that touched a nerve at the root of the tooth.  Defendant advised Plaintiff to keep all food on the left side of the mouth to minimize Plaintiff's pain.  Based on the incorporated exhibits, it appears that Plaintiff's toothache stemmed from a molar in the lower right portion of Plaintiff's mouth.  Compl. 27.

Plaintiff learned from Defendant John Doe 2 on June 1, 2010 that a root canal could alleviate Plaintiff's toothache.  Defendant John Doe 2 explained that he was not permitted to perform root canals on posterior teeth, and that Plaintiff's only options were to extract the tooth or continue to suffer pain.  Plaintiff opted to have the tooth extracted.

---

[1] Based on Plaintiff's attached grievances which are specifically referenced and incorporated in the complaint, it appears that John Doe 1 and John Doe 2 are the same individual, dentist A. Haggar. *See* Compl.29, 35. As it is unclear at this juncture what Plaintiff intends, the Court will continue to treat the two Defendants as separate.

Plaintiff complains that Defendant Cate implemented a dental service policy that violated Plaintiff's constitutional rights because it excluded root canals on posterior teeth as an available treatment. Plaintiff contends that root canals can be performed, but only with prior approval from the dental authorization review committee. Plaintiff complains that Defendant Cate failed to properly train Defendants John Does 1 and 2. Plaintiff complains that Defendant Gonzales as warden implemented this policy and is liable under the same theory as Defendant Cate.

Plaintiff contends deliberate indifference by all Defendants. Plaintiff requests as relief monetary damages.

### III.     Analysis

The Eighth Amendment prohibits cruel and unusual punishment. "The Constitution does not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and citation omitted). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

3

Plaintiff fails to state a claim against Defendants John Doe 1 or John Doe 2 for deliberate indifference. Regarding John Doe 1, Plaintiff's allegations do not demonstrate that Defendant knew of and disregarded an excessive risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. Plaintiff has not alleged a sufficiently serious harm at the time Defendant John Doe 1 examined Plaintiff. Plaintiff's tooth pain was only mild during April of 2010. Additionally, Defendant John Doe 1's failure to provide a root canal at the time of the incident does not rise to the level of deliberate indifference. Plaintiff's allegations amount at most to a difference of opinion between a medical professional and a prisoner regarding the appropriate course of treatment, which does not amount to deliberate indifference. *Toguchi*, 391 F.3d at 1058.[2]

Regarding John Doe 2, Plaintiff's allegations do not demonstrate that Defendant knew of and disregarded an excessive risk to Plaintiff's health. *Farmer*, 511 U.S. at 837. Defendant John Doe 2's failure to provide a root canal does not rise to the level of deliberate indifference. Plaintiff's allegations amount at most to a difference of opinion between a medical professional and a prisoner regarding the appropriate course of treatment, which does not amount to deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Plaintiff names Defendants Cate and Gonzales based on their supervisory roles. The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisorial position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation

---

[2] Based on the submitted exhibits, it appears that Plaintiff received a filling during his visit with Defendant John Doe 1. Compl. 28 29, 30.

of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to state a claim against Defendants Cate or Gonzales. Plaintiff fails to allege facts which indicate that Defendants personally participated in an allege constitutional deprivation, knew of constitutional violations and failed to act, or promulgated or implemented a policy that was so deficient as to be the moving force of a constitutional violation. *Hansen*, 885 F.3d at 646; *Taylor*, 880 F.3d at 1045.

**IV.     Conclusion And Order**

Plaintiff fails to state any cognizable claims against any Defendants. The Court will provide Plaintiff with an opportunity to file a first amended complaint curing the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

If Plaintiff decides to amend, Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Iqbal*, 129 S. Ct. at 1949. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," L. R. 220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

5

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file a first amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 22, 2011**                    /s/ **Dennis L. Beck**
                                                    UNITED STATES MAGISTRATE JUDGE