1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  JESSE GALINDO,                          CASE NO. 1:11-CV-00023-DLB PC

9              Plaintiff,                  ORDER DISMISSING ACTION FOR
                                           FAILURE TO STATE A CLAIM
10        v.
                                           (DOC. 9)
11  MATTHEW CATE, et al.,

12              Defendants.

13  _____/

14

15                              **Screening Order**

16  I.    **Background**

17        Plaintiff Jesse Galindo ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

20  action by filing his complaint on January 6, 2011.  Doc. 1.  On June 22, 2011, the Court screened

21  Plaintiff's complaint and dismissed it for failure to state a claim with leave to amend.  Doc. 6.

22  On August 19, 2011, Plaintiff filed his first amended complaint.  Doc. 9.

23        The Court is required to screen complaints brought by prisoners seeking relief against a

24  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

26  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

27  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

28  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

                                        1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.    Summary of First Amended Complaint**

Plaintiff is currently incarcerated at California Correctional Institution ("CCI") in Tehachapi, California, where the events giving rise to this action occurred. Plaintiff names as Defendants Matthew Cate, secretary of CDCR; warden Gonzales of CCI, and dentists John Does 1 and 2 of CCI.

Plaintiff alleges the following: On April 9, 2010, Plaintiff was seen by Defendant John Doe 1, complaining of a mild pain that became excruciating when Plaintiff ate food or drank water. Defendant requested an x-ray. Defendant showed Plaintiff the x-ray and explained that Plaintiff was suffering toothache due to a metal filling that touched a nerve at the root of the tooth. Defendant advised Plaintiff to keep all food on the left side of the mouth to minimize Plaintiff's pain. Amend. Compl. 8-9.

On May 25, 2010, Plaintiff submitted a request for medical services stating he was in a lot of pain and begging to the tooth pulled. On May 30, 2010, Plaintiff submitted a second request stating that he was suffering extreme pain on the right side of head. On June 1, 2010, Plaintiff told John Doe 2 that he was in extreme pain. Defendant requested an x-ray and examined his dental history file. Amend. Compl. 13.

Plaintiff learned from Defendant John Doe 2 on June 1, 2010, that a root canal could alleviate his toothache and save the tooth. Defendant John Doe 2 explained that he was not

1  permitted to perform a root canal on the tooth, and that Plaintiff's only option was to pull the

2  tooth.  Defendant extracted Plaintiff's tooth.

3         Plaintiff complains that Defendant Cate implemented a dental service policy that violated

4  Plaintiff's constitutional rights because it excluded root canals on posterior teeth as an available

5  treatment.  Plaintiff contends that root canals can be performed, but only with prior approval

6  from the dental authorization review committee.  Plaintiff complains that Defendant Gonzales as

7  warden implemented this policy and is liable under the same theory as Defendant Cate.

8         Plaintiff contends deliberate indifference by all Defendants.  Plaintiff requests as relief

9  monetary damages.

10  **III.**   **Analysis**

11         The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

12  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and

13  citation omitted).   A prisoner's claim of inadequate medical care does not rise to the level of an

14  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal

15  civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate

16  indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting

17  *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate

18  indifference standard involves an objective and a subjective prong.  First, the alleged deprivation

19  must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*

20  *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]

21  an excessive risk to inmate health or safety . . . ." *Id.* at 837.

22         "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under

23  this standard, the prison official must not only 'be aware of the facts from which the inference

24  could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the

25  inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have

26  been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no

27  matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,

28  1188 (9th Cir. 2002)).

1    Plaintiff again fails to state a claim against Defendants John Doe 1 or John Doe 2 for

2    deliberate indifference.  Regarding John Doe 1, Plaintiff's allegations do not demonstrate that

3    Defendant knew of and disregarded an excessive risk to Plaintiff's health.  *Farmer*, 511 U.S. at

4    837.  Plaintiff has not alleged a sufficiently serious harm at the time Defendant John Doe 1

5    examined Plaintiff.  Plaintiff's tooth pain was only mild during April of 2010.  Additionally,

6    Defendant John Doe 1's failure to provide a root canal at the time of the incident does not rise to

7    the level of deliberate indifference.  Plaintiff's allegations amount at most to a difference of

8    opinion between a medical professional and a prisoner regarding the appropriate course of

9    treatment, which does not amount to deliberate indifference.  *Toguchi*, 391 F.3d at 1058.

10    Regarding John Doe 2, Plaintiff's allegations do not demonstrate that Defendant knew of

11    and disregarded an excessive risk to Plaintiff's health.  *Farmer*, 511 U.S. at 837.  Defendant John

12    Doe 2's failure to provide a root canal does not rise to the level of deliberate indifference.  The

13    fact that Plaintiff disagreed with the recommended extraction indicates a difference of opinion

14    and not deliberate indifference by John Doe 2.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th

15    Cir.1989).  Plaintiff's allegations do not demonstrate that the extraction was chosen "in conscious

16    disregard of an excessive risk to [Plaintiff's] health."  *Toguchi*, 391 F.3d at 1058.

17    As with his original complaint, Plaintiff again names Defendants Cate and Gonzales

18    based on their supervisory roles.  The term "supervisory liability," loosely and commonly used by

19    both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials

20    may not be held liable for the unconstitutional conduct of their subordinates under a theory of

21    *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her

22    title, is only liable for his or her own misconduct.

23    When the named defendant holds a supervisor position, the causal link between the

24    defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

25    *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

26    1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege

27    some facts indicating that the defendant either: personally participated in the alleged deprivation

28    of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated

4

1   or "implement[ed] a policy so deficient that the policy 'itself is a repudiation of constitutional

2   rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642,

3   646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

4   1989).

5       Plaintiff fails to state a claim against Defendants Cate or Gonzales.  Plaintiff fails to

6   allege facts which indicate that Defendants personally participated in an allege constitutional

7   deprivation, knew of constitutional violations and failed to act, or promulgated or implemented a

8   policy that was so deficient as to be the moving force of a constitutional violation.  *Hansen*, 885

9   F.3d at 646; *Taylor*, 880 F.3d at 1045.

10  **IV.    Conclusion And Order**

11      Plaintiff fails to state a cognizable § 1983 claim against any Defendants.  Plaintiff was

12  previously provided leave to amend to cure the deficiencies identified herein, but was unable to

13  do so.  Accordingly, further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d

14  1122, 1127 (9th Cir. 2000) (en banc).

15      Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is

16  HEREBY DISMISSED, with prejudice, based on Plaintiff's failure to state a claim upon which

17  relief may be granted under § 1983.  This dismissal is subject to the "three-strikes" provision set

18  forth  in 28 U.S.C. § 1915(g).  *Silva v. Di Vittorio*, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

19

20      IT IS SO ORDERED.

21  **Dated:    December 5, 2011**                    _____ **/s/ Dennis L. Beck** _____
                                                        UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28