# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GALINDO,<br><br>    Plaintiff,<br><br>  v.<br><br>MATTHEW CATE, et al.,<br><br>    Defendants. | Case No. 1:11-cv-00023 DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>[ECF No. 13] |

Plaintiff Jesse Galindo ("Plaintiff") is a California state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on January 6, 2011.[1] On December 6, 2011, the Court dismissed Plaintiff's complaint without leave to amend for failure to state a claim. Judgment was entered on the same date. Pending before the Court is Plaintiff's motion for reconsideration filed on March 28, 2014.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Rule 60(b)(6)

---

[1] On January 20, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge.

1

"is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances ..." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control...." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation ..." of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D.Cal.2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Here, Plaintiff requests that the Court reconsider the order dismissing the action because subsequent to the Court's dismissal of his federal complaint, the state court ruled that res judicata barred his state tort claims. Plaintiff argues that the Court should have considered his state tort claims. However, the Court concluded that Plaintiff failed to state a cognizable § 1983 claim against any Defendants and therefore dismissed the complaint with prejudice. Because the Court dismissed all claims over which it had original jurisdiction, the Court was without jurisdiction to consider the remaining state law claims. Parra v. PacifiCare of Ariz., Inc., 715 F.3d 1146, 1156 (9th Cir. 2013); Mamigonian v. Biggs, 710 F.3d 936, 942 (9th Cir. 2013) (citing Morongo Band of Mission Indians v. Cal. St. Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988) and Orff v. U.S., 358 F.3d 1137, 1149 (9th Cir. 2004)); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001). Thus, the Court did not err in dismissing the complaint.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: __January 27, 2015__                    /s/ *Dennis L. Beck*
                                                             UNITED STATES MAGISTRATE JUDGE